IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RUBEN VILLARREAL                                                         PLAINTIFF

v.                              CIVIL NO. 22-5173

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                           DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ruben Villarreal, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on August 11, 2019, alleging an inability to work since December 17, 2018, due to a back injury, depression and high blood pressure. (Tr. 218, 297). An administrative telephonic hearing was held on December 1, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 192-216).

By written decision dated July 8, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension and disorder of the cervical, thoracic and lumbar spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

1

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that he can occasionally climb ramps and stairs but never climb ladder[s], ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform his work as a human resources manager and a personnel clerk. (Tr. 26)

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 24, 2022. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477

(8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. 20 C.F.R. § 404.1520.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using

all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ found Plaintiff could perform sedentary work[1] with the exception that he could occasionally climb ramps and stairs but never climb ladder[s], ropes, and scaffolds; and could occasionally balance, stoop, kneel, crouch, and crawl. In finding Plaintiff could perform sedentary work, the ALJ found Dr. Calvin Ruiz's May of 2020, opinion - that Plaintiff would be able to perform less than sedentary work to include the ability to sit, stand and walk for only two hours out of an eight-hour workday - unpersuasive. (Tr. 24-26, 570-573). Specifically, the ALJ found Dr. Ruiz's opinion was not supported or consistent with the evidence of record. However, a review of the medical record revealed that in June of 2019, Dr. Jaquelyn Wilansky noted Plaintiff exhibited back pain in the mid-thoracic spine on light palpation and was

---

[1] Sedentary work requires the ability to sit for about six hours in an eight-hour workday; and to stand and/or walk no more than two hours out of an eight-hour workday. *See* SSR 96-9P, 1996 WL374185.

unable to sit up straight due to back pain. (Tr. 453). In November of 2019, Dr. Katherine E. Darland noted Plaintiff was unable to sit still in the chair and frequently shifted his weight due to pain. (Tr. 538). In December of 2019, Dr. Paul Middleton noted Plaintiff reported his back pain interfered with his ability to perform activities of daily living, the ability to walk up the stairs in his home, to lift and to sit for prolonged periods of time. (Tr. 527). In September of 2020, Dr. Ruiz noted Plaintiff indicated that a steroid shot had enabled him to attend his granddaughter's baptism, but the pain relief lasted for only two to three days. (Tr. 593). Despite experiencing on-going and continuous pain, Dr. Ruiz indicated Plaintiff was unable to undergo a MRI due to financial concerns and the inability to sit due to his pain. (*Id.*).  In discounting Dr. Ruiz's opinion, the ALJ failed to address the above referenced evidence that appears to support Plaintiff may be more limited in his ability to sit.

The Court is further troubled by the ALJ's failure to address Plaintiff's alleged dizziness. In February of 2020, Plaintiff reported experiencing dizziness that had caused him to stumble. (Tr. 514). Dr. Ruiz opined Plaintiff's dizziness might be a side effect of his medication. In May of 2021, Plaintiff reported dizziness with changing positions, most noticeably when ambulating, and one syncopal episode. (Tr. 700). At that time, Dr. Marielie H. Agesilas opined these episodes might be a medication side effect. Plaintiff continued to report experiencing dizziness and falling when he was seen by Dr. Ronald K. Brimberry on May 28, 2021. (Tr. 144).

A review of the record revealed that two of Plaintiff's former employers wrote letters stating that Plaintiff's chronic back pain and resulting limitations, to include lapses in judgment, left him unable to perform his job duties. (Tr. 308-309).  The ALJ failed to discuss these letters in the hearing decision wherein Plaintiff was determined to be able to perform his past relevant work.

After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's impairments. On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

IV.   **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of July 2023.

/s/  *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE